COMP
**CAL J. POTTER, III, ESQ.**
Nevada Bar No. 1988
**POTTER LAW OFFICES**
1125 Shadow Lane
Las Vegas, Nevada 89102
Telephone: (702) 385-1954
and
**RANDALL H. SCARLETT, ESQ.**
California Bar No. 135554
**SCARLETT LAW GROUP**
536 Pacific
San Francisco, CA 94133
Telephone: (415) 352-6264

*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

ROSEMARY ORTON,

    Plaintiff,

vs.

ATV ACTION TOURS, INC.,
a Nevada Corporation; JERRY
(last name unknown) and
JOHN DOES I-X, and DOE
CORPORATIONS I-X,

    Defendants.
_____/

CASE NO.:

DEPT NO.:

## COMPLAINT
**Jury Demanded**

COMES NOW, the Plaintiff, ROSEMARY ORTON, by and through her attorneys, CAL J. POTTER, III, ESQ. of the law firm of POTTER LAW OFFICES, and RANDALL H. SCARLETT, ESQ. of the SCARLETT LAW GROUP and complain against the Defendants, and each of them and asserts and alleges as follows:

///

## JURISDICTION

1. This is a complaint for money damages wherein the amount in controversy is in excess of $75,000.00, exclusive of interests and costs and the action is between parties of different states. This action is brought by the Plaintiffs pursuant to the doctrine of diversity of citizenship, 28 U.S.C. 1332, the Plaintiff being a resident of the State of New York and the Defendants being incorporated in the State of Nevada.

## PARTIES

2. Plaintiff ROSEMARY ORTON is a resident of the State of New York.

3. That Defendants ATV ACTION TOURS, a Nevada Corporation, doing business at 180 Cassia Way, Ste. #510, Henderson, Nevada was the owner of that certain 11 passenger vehicle and their agent/employee JERRY (last name unknown), Driver individually and as an agent of ATV ACTION TOURS and was operating said vehicle with the express and implied permission of the Defendant ATV ACTION TOURS during the course and scope of his employment.

4. That the true names and capacities, whether individual, corporate, associate or otherwise, of the Defendant herein designated as DOES, are unknown parties, corporate or otherwise of the Defendants herein designated as DOES, are unknown to Plaintiff, who therefore sues said defendants by such fictious names. Plaintiff alleges that each named Defendant herein designated as DOE is negligently, wilfully, contractually or otherwise legally responsible for the events and happenings herein referred to and proximately caused injury and damages thereby to Plaintiff, as herein alleged. Plaintiff will ask leave of the Court to amend this Complaint to insert the true names and capacities of such defendants when the same have been ascertained and will further ask leave to join said Defendants in these proceedings.

5. At all times pertinent hereto, Defendants were the agents, servants and employees of each and every other Defendant and were working and acting within the course and scope of said employment and agency under the doctrine of respondeat superior.

6. At all times herein mentioned, Defendant, ATV ACTION TOURS, was engaged in business as a common carrier of persons and freight for reward and operated a certain Passenger Vehicle from Hoover Dam to the Grand Canyon.

### FIRST CLAIM FOR RELIEF
(Negligence)

7. That on or about April 26, 2005, the Plaintiff was a passenger in the van owned and operated by ATV Action Tours.

8. That at said time, the Defendant, JERRY (last name unknown), during the course and scope of his employment, and as the agent of the Defendant ATV ACTION TOURS, was driving too fast for road conditions for the trip from Hoover Dam to the Grand Canyon.

9. That at said time and place, Defendant was observed by witnesses to be operating the van in a negligent manner by failing to drive the van in a careful and prudent manner. That at said time and place the defendants owed a duty to all passengers in their vehicle to drive in a safe manner.

10. That at said time and place, Defendants operated their vehicle negligently and carelessly in driving their vehicle too fast for conditions and causing their vehicle to hit a gully, pitching the Plaintiff up to the ceiling and causing her to hit her head on the ceiling of the van.

11. That Defendants failed to otherwise exercise due care for the benefit of other persons and causing the injuries to the Plaintiff, as set forth herein and by failing to provide Plaintiff with a seat belt.

12. That said accident and injuries to the Plaintiffs, and each of them was caused solely by the negligence of the Defendants and without any negligence on the part of the Plaintiffs contributing thereto.

13. That by reason of the premises alleged herein, and as a direct and proximate cause thereof, the Plaintiff has been seriously injured in and about her head, neck, back,

1  limbs organs and systems and the said injuries are continuing and may be permanent
2  injuries and therefore she has been made to suffer great pain and suffering to her body, and
3  has undergone great emotional distress, all of which said conditions may be permanent or
4  disabling in nature, all to her general damages in an amount in excess of $75,000.00.

5        14. That by reason of the premises and as a direct and proximate cause thereof,
6  the Plaintiff has incurred expenses for the medical care, treatment and expenses incidental
7  thereto, all to their damages in an amount in excess of $75,000.00. Plaintiff prays leave of
8  the court to insert all of said damages when the same have been fully ascertained and the
9  Plaintiff will continue to incur expenses in the future in an amount unknown at this time
10 and that the Plaintiff will seek leave of the Court to submit said amounts according to proof
11 at trial.

12       15. That prior to the injuries complained of herein, Plaintiff Rosemary Orton was
13 an able-bodied woman and physically capable of engaging in activities for which she was
14 best suited. By reason of the premises and as a direct and proximate cause thereof Plaintiff
15 was restricted and limited in her activities. By reason of the premises and as a direct and
16 proximate cause of the serious back injuries and the resulting treatment thereof. Plaintiff
17 has suffered lost opportunities and other economic damages past and future, in amounts
18 according to proof at trial.

### SECOND CLAIM FOR RELIEF
(Negligence of Common Carrier)

16. That on or about April 26, 2005, Plaintiff was a passenger in the vehicle owned and operated by ATV ACTION TOURS.

17. That on or about April 26, 2005, Plaintiff paid to an employee of Defendant ATV ACTION TOURS the fare demanded by that employee for a journey aboard Defendant ATV ACTION TOURS' Vehicle from Hoover Dam to the Grand Canyon, and Defendants thereby undertook, contracted, and became obliged to accept and transport her

-4-

from Hoover Dam to her destination at the Grand Canyon.

18. That on or about April 26, 2005, Plaintiff boarded Defendant ATV ACTION TOURS' Vehicle at Hoover Dam and commenced her journey to the Grand Canyon.

19. That at said time, the Defendant, JERRY (last name unknown), during the course and scope of his employment, and as the agent of the Defendant ATV ACTION TOURS, was driving too fast for road conditions for the trip from Hoover Dam to the Grand Canyon.

20. That at said time and place, Defendant was observed by witnesses to be operating the van negligently by failing to drive the van in a careful and prudent manner.

21. That at said time and place Defendants owed a duty to all passengers in their vehicle to drive in a safe manner.

22. That at said time and place, as a proximate result of Defendant's wrongful conduct of operating their vehicle negligently and carelessly and driving too fast for conditions, Defendants caused their vehicle to hit a gully, pitching the Plaintiff up to the ceiling of the vehicle, thereby hitting her head on the vehicle's ceiling.

23. That Defendants failed to otherwise exercise due care for the benefit of other persons and causing the injuries to the plaintiff, as set forth herein by failing to provide Plaintiff with a seat belt.

24. That said accident and injuries to Plaintiff was caused solely by the negligence of the Defendants and without any negligence on the part of the Plaintiff contributing thereto.

25. That by reason of the premises alleged herein, and as a direct and proximate cause thereof, the Plaintiff has been seriously injured in and about her head, neck, back, limbs organs and systems and the said injuries are continuing and may be permanent injuries and therefore she has been made to suffer great pain and suffering to her body, and has undergone great emotional distress, all of which said conditions may be permanent or disabling in nature, all to her general damages in an amount in excess of $75,000.00.

26. That by reason of the premises and as a direct and proximate cause thereof,

1 the Plaintiff has incurred expenses for the medical care, treatment and expenses incidental
2 thereto, all to their damages in an amount in excess of $75,000.00. Plaintiff prays leave of
3 the court to insert all of said damages when the same have been fully ascertained and the
4 Plaintiff will continue to incur expenses in the future in an amount unknown at this time
5 and that the Plaintiff will seek leave of the Court to submit said amounts according to proof
6 at trial.

7       27. That prior to the injuries complained of herein, Plaintiff Rosemary Orton was
8 an able-bodied woman and physically capable of engaging in activities for which she was
9 best suited. By reason of the premises and as a direct and proximate cause thereof,
10 Plaintiff was restricted and limited in her activities. By reason of the premises and as a
11 direct and proximate cause of the serious back injuries and the resulting treatment thereof,
12 Plaintiff has suffered lost opportunities and other economic damages past and future, in
13 amounts according to proof at trial.

### THIRD CLAIM FOR RELIEF
(Negligence per se)

17       28. Plaintiff, repeats and realleges the allegations contained in Paragraphs 1-13 of
18 the First Claim of Relief as if fully set forth herein in full.

19       29. That at said time and place, the Defendant JERRY (last name unknown), as
20 the agent and employee of the Defendant ATV ACTION TOURS, INC. operated the said
21 vehicle in violation of the Arizona and Nevada Revised Statutes concerning the operation of
22 a motor vehicle in a safe and prudent manner and without speeding.

23       30. That as a direct and proximate cause of the Defendants' negligence per se the
24 Plaintiff has suffered the injuries and damages as set forth in the First Claim for relief, all to
25 her damages, in an amount in excess of $75,000.00.

26       WHEREFORE, Plaintiff prays for judgment against the Defendants, both
27 jointly and severally as follows:

28       1. For general damages, past and future, in a sum in excess of SEVENTY-FIVE

1  THOUSAND DOLLARS ($75,000.00);

2. For special damages, past and future, in a sum in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00);

3  For cost of suit incurred herein, and

4. For such other and further relief as to the Court may deem just and equitable.

DATED this 7 day of July, 2006.

                        POTTER LAW OFFICES

                        By _____
                        CAL J POTTER, III, ESQ.
                        Nevada Bar No. 1988
                        1125 Shadow Lane
                        Las Vegas, NV   89102
                        Attorney for Plaintiff